UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DUSTIN ANTHONY ADAMS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:12-0787 |
| v. | ) | Judge Trauger/Brown |
| | ) | **Jury Demand** |
| CHARLES BOUGKER, | ) | |
| | ) | |
| Defendant | ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obtain service of process on the Defendant in accordance with Federal rule of Civil Procedure 4(m).

## BACKGROUND

The Plaintiff filed this case against the Tennessee Department of Corrections, Dr. Inestes Sator, and Charles Bougker. The complaint was initially reviewed by Judge Trauger and the Tennessee Department of Corrections and Dr. Sator were dismissed (Docket Entry 4). Judge Trauger found that the complaint stated a probable claim under 42 U.S.C. § 1983 against Corrections Officer Charles Bougker based on allegations that he subjected the Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. The Clerk was directed to issue process as to Mr. Bougker only (Docket Entry 4 dated Aug. 14, 2012). The original summons (Docket Entry 5) issued on August 14, 2012, was subsequently returned by the United States

Marshal Service on September 12, 2012 (Docket Entry 8), with a notation that certified mail was returned marked as "Return to Sender." The Clerk was then directed (Docket Entry 9) to send the Plaintiff a new service packet, and the Plaintiff was directed to provide a better address, if possible. The Plaintiff was advised that if Defendant Bougker was no longer employed by the Department of Corrections he should advised the Magistrate Judge of that fact and the Magistrate Judge would direct the Department of Corrections to provide the last known address of the Defendant.

Subsequently, the Plaintiff returned a USM 285 form on October 31, 2012 (Docket Entry 12), with the notation that Mr. Bougker was no longer employed by the Department of Corrections and he had heard from other correctional officers that he was deployed by the Army.

The Magistrate Judge then directed the Warden to notify the Court by letter under seal the status of Correctional Officer Bougker and his last known address, if available (Docket Entry 13). The Magistrate Judge was subsequently advised by the Warden (Docket Entry 16) that Mr. Bougker was no longer employed by the Tennessee Department of Corrections and that his last day of employment was January 12, 2012. He was terminated due to job abandonment and the Warden provided his last known address. The Magistrate Judge then directed the Clerk (Docket Entry 17) to prepare a USM-285 form using this address for the Defendant Bougker, and a summons was subsequently issued on December 26, 2012 (Docket Entry 19).

Unfortunately, certified mail sent to this address was returned with the notation "Moved, left no address 1-31-13" (Docket Entry 21). The Magistrate Judge then advised the Plaintiff that unless he sought and obtained an extension of time he was required to obtain service of process on the Defendant within 120 days, and that failure to do so could result in his case being dismissed without prejudice (Docket Entry 22).

The Plaintiff then filed a motion on May 30, 2013, requesting an extension of time (Docket Entry 25). In this motion he noted that his parents had hired a private investigator and that he needed additional time so the private investigator could provide a valid address for Mr. Bougker. The Magistrate Judge granted this motion and provided that the Plaintiff should obtain service of process by July 31, 2013 (Docket Entry 26).

Subsequently, the Plaintiff filed a motion asking that Mr. Bougker be served again at the same address since he had received information from the private investigator that as of July 15, 2013, this was Mr. Bougker's current address and that believed Mr. Bougker had put the house in someone else's name (Docket Entry 29).

The Magistrate Judge granted this motion and ordered that since service by mail had failed the United States Marshals Service was requested to attempt personal service on Mr. Bougker as soon as their schedule would conveniently permit (Docket Entry 30).

Unfortunately, this service of process was also returned unexecuted with a notation by the Marshal that Sharon Adams had been contacted and told the Marshal that Mr. Bougker did not reside at the Bon Aqua, Tennessee address and that Adams had moved there in November 2012, and that Mr. Bougker had lived there previously.

On August 21, 2013, the Magistrate Judge directed that unless the Plaintiff could within 14 days of the entry of the order show there were additional avenues to pursue, the Magistrate Judge would recommend the case be dismissed without prejudice for failure to obtain service of process (Docket Entry 35). As of the entry of this report and recommendation the Plaintiff has not provided the Magistrate Judge with any additional information as to how service of process can be obtained on the sole remaining defendant in this matter.

**LEGAL DISCUSSION**

Rule 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed the Court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant, or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case 120 days began to run on July 30, 2012, when the complaint was deemed filed (Docket Entry 1), and the 120 days would have thus run on or about December 2, 2012. As noted above, the Magistrate Judge took action to provide the Plaintiff necessary information to obtain service of process, but when service of

4

process was not obtained within the 120 days, the Magistrate Judge advised the Plaintiff that unless he obtained an extension of time his case was subject to dismissal under Rule 4(m). The Plaintiff did show to the Magistrate Judge good cause for an extension, and the Plaintiff was given until July 31, 2013, to obtain service. Unfortunately, additional efforts to obtain service were unsuccessful, and on August 21, 2013, the Plaintiff was specifically advised that unless he could show that there were additional avenues to proceed concerning service of process, that the Magistrate Judge would recommend dismissal of this case without prejudice.

As of the date of this report and recommendation over 13 months have passed with no service of process. The Magistrate Judge certainly understands that a prisoner is under a handicap in attempting to locate an address for a former Department of Corrections employee who apparently left under strained circumstances.

Nevertheless, it appears that despite the Plaintiff's family using a private investigator, they have been unable to locate the Defendant.

At some point Rule 4(m) has to have some effect, particularly when the Plaintiff has been warned of the consequences of not obtaining service of process and all of his requests for additional time have been granted.

While a dismissal would be without prejudice it may well be that the one-year statute of limitations has run and that, absent some showing of a tolling of the statute of limitations, the Plaintiff may be barred from bringing his suit again.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be DISMISSED without prejudice for failure to obtain service of process within the time allowed by Rule 4(m) and the extensions granted by the Magistrate Judge.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 12th day of September, 2013.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge